```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF RHODE ISLAND
_____
                                   )
UNITED STATES OF AMERICA,          )
                                   )
            v.                     )    Cr. No. 18-039 WES
                                   )
BILLIE R. SCHOFIELD,               )
                                   )
                Defendant.         )
_____)
```

## CORRECTED MEMORANDUM AND ORDER

Defendant Billie R. Schofield, now pro se, is scheduled for sentencing in several days. He has brought a flurry of motions, after parting ways with his court-appointed counsel, in an effort to derail this proceeding, undo his plea of guilty, and disqualify the undersigned. The motions are largely nonsensical, and uniformly without merit. They are all denied for the reasons set forth below.

Defendant brings five motions ("Defendant's motions") before this Court: a Motion to "Notice Ineffective Counsel" ("Motion to Notice"), ECF No. 49; a Motion to Set an Evidentiary Hearing and/or Sanction the Assistant United States Attorneys Sandra R. Hebert and Christopher Paul O'Donnell[1] ("Motion for Hearing and/or Sanctions"), ECF No. 50; a Motion to Recuse this Court ("Motion to Recuse"), ECF No. 51; a Motion to Withdraw a Guilty Plea and

---

[1] For ease of reference, Assistant United States Attorneys Sandra R. Hebert and Christopher Paul O'Donnell are hereinafter referred to as "the Government."

Dismiss Case ("Motion to Withdraw Guilty Plea"), ECF No. 52; and a Motion to Appoint Counsel and Stay the Proceedings ("Motion to Appoint Counsel"), ECF No. 53. As the basis for all five motions, Defendant alleges essentially the same underlying claim: that this Court, Defendant's former counsel, George J. West, and the Government are all engaged in a covert effort to cover up a vast Internal Revenue Service ("IRS") document falsification scheme, the evidence of which would apparently prove Defendant's innocence.

References in Defendant's pro se motions and interactions with this Court indicate that he is a "sovereign citizen", albeit one with a slightly different script than a typical sovereign citizen's more outright rejection of statutes, rules, and regulations applying to all litigants. See, e.g., Mot. to Recuse 10-11 (referencing "falsified government records", referring to this Court as "Mr. Smith", and stating that this Court "fabricate[d] a pretended [sic] 'duty to the court'" held by all attorneys); see also United States v. Williams, No. CR419-089, 2020 WL 762540, at *3 (S.D. Ga. Feb. 14, 2020) (describing typical sovereign citizen behavior in court proceedings). Courts across this country have routinely rejected sovereign citizen legal theories as "frivolous" and observed that defendants will frequently file "lots of rambling, verbose motions" to "delay the proceedings, create unnecessary work for the Court and counsel,

and distract the Court from adjudication of the case on its merits." Williams, 2020 WL 762540, at *3 (quoting United States v. Perkins, No. 1:10-cr-97-1-JEC-LTW, 2013 WL 3820716, at *1-2 (N.D. Ga. July 23, 2013)); see also Linge v. State of Georgia Inc., 569 F. App'x 895, 896 (11th Cir. 2014) (rejecting such theories as "wholly unsubstantial and frivolous" (citation and quotations omitted)); United States v. Sterling, 738 F.3d 228, 233 n.1 (11th Cir. 2013) (stating that courts routinely reject sovereign citizen legal theories as "frivolous" (citation omitted)); United States v. Benabe, 654 F.3d 753, 767 (7th Cir. 2011) (recommending that sovereign citizen theories "be rejected summarily, however they are presented"); Roach v. Arrisi, No. 8:15-cv-2547-T-33AEP, 2016 WL 8943290, at *2 (M.D. Fla. 2016) (noting that sovereign citizen theories have been consistently rejected by the courts and described as "utterly frivolous," "patently ludicrous," and "a waste of . . . the court's time, which is being paid for by hard-earned tax dollars" (citation and quotations omitted)). Defendant's claims are similarly facially baseless, frivolous, and inflammatory.

The Court will take each motion briefly in turn; but none require much discussion.

I.  Motion to "Notice Ineffective Counsel"

In this "notice," which this Court construes as a motion for ineffective assistance of counsel, Defendant argues that that his

former attorney, Mr. West, provided him with ineffective counsel because he "refused to conscientiously study the evidence" of the IRS document falsification scheme and has "colluded" with this Court to "obstruct justice and the presentation of evidence proving [Defendant's] innocence." Mot. to Notice 3.

The Court may consider a motion for ineffective assistance of counsel prior to sentencing. See United States v. Ortiz-Vega, 860 F.3d 20, 30 (1st Cir. 2017). To succeed on an ineffective assistance of counsel claim, a defendant must show deficient performance by counsel and resulting prejudice. See United States v. Rodriguez, 675 F.3d 48, 56 (1st Cir. 2012) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)).

A counsel's performance is "deficient" if the representation "fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688. There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" Id. at 689; see also Knight v. Spencer, 447 F.3d 6, 15 (1st Cir. 2006) (stating that a lawyer's performance is deficient "only where, given the facts known at the time, counsel's 'choice was so patently unreasonable that no competent attorney would have made it'" (quoting Strickland, 466 U.S. at 693-94)). To meet the requirement of resulting prejudice, a defendant must demonstrate a reasonable probability that the proceeding's result would have been different absent the counsel's deficient conduct.

See Tevlin v. Spencer, 621 F.3d 59, 66 (1st Cir. 2010). Further, "[a] defendant's failure to satisfy one prong of the Strickland analysis obviates the need for a court to consider the remaining prong." Id. (citing Strickland, 466 U.S. at 697).

Defendant has not met the Strickland standard here. The examples of correspondence that Defendant provides between himself and Mr. West demonstrate that counsel appropriately considered and responded to Defendant's questions and assertions. See generally Ex. A to Mot. to Notice, ECF No. 49-1. Defendant even acknowledges in his brief that counsel concluded after research that the case law does not support Defendant's assertions. See Mot. to Notice 5. That Defendant is upset with his counsel's refusal to file meritless motions about a purported scheme does not equate to ineffective assistance. See United States v. Francois, 715 F.3d 21, 28-29 (1st Cir. 2013).

Defendant's Motion to Notice Ineffective Counsel, ECF No. 49, is DENIED.

II. Motion to Set an Evidentiary Hearing and/or Sanction

In this motion, Defendant demands that this Court set an evidentiary hearing at which the Government would answer questions "concerning the IRS record falsification program[.]" Mot. for Hr'g 5. If the Government were to "refuse to provide this court benefit for their expert opinion [sic] [,]" Defendant requests that this Court sanction these attorneys by dismissing the charges

against him.  Id.  Defendant lists approximately two dozen questions for the Government to answer, such as: "Were IRS IMF records concerning me and every year in question manipulated to reflect existence of documents that don't exist, and events that never happened?"; "Are such manipulations the standard, institutionalized process by which [the] IRS initiates civil and criminal prosecutions of targeted nontaxpayers?"; and "In their opinion, do the falsified IRS IMF records concerning me offer extremely strong circumstantial evidence of my actual innocence, since I owe nothing to the Treasury, absent falsified IRS records?".  Id. at 3-5.

Not surprisingly, Defendant cites no law to support his demand for an evidentiary hearing in order to question the Government. To state the obvious, a defendant is not entitled to demand an evidentiary hearing wherein he may question prosecutors at will, particularly at a time just before his sentencing, based solely on his unsupported conspiracy theory.  Defendant's Motion for Hearing and/or Sanctions, ECF No. 50, is DENIED.

III.  Motion to Recuse

In this motion, Defendant again alleges that this Court and Mr. West have secretly colluded to obstruct Defendant's defense of the purported IRS document falsification scheme.  See generally Mot. to Recuse.  Pursuant to 28 U.S.C. § 455(a), "[a]ny justice, judge or magistrate of the United States shall disqualify himself

in any proceeding in which his impartiality might reasonably be questioned."  The statute "seeks to balance two competing policy considerations: first, that 'courts must not only be, but seem to be, free of bias or prejudice,' . . . and second, the fear that recusal on demand would provide litigants with a veto against unwanted judges[.]"  In re Boston's Children First, 244 F.3d 164, 167 (1st Cir. 2001) (quoting In re United States, 158 F.3d 26, 30 (1st Cir. 1998)).  Disqualification is "appropriate only when the charge is supported by a factual basis, and when the facts asserted 'provide what an objective, knowledgeable member of the public would find to be a reasonable basis for doubting the judge's impartiality.'"  Id. (quoting In re United States, 666 F.3d 690, 695 (1st Cir. 1981)).

There is no factual basis for disqualification here. Defendant claims that the statements made by this Court and by Mr. West during two proceedings held on December 3, 2020 and December 17, 2020 ("the hearings") to hear Mr. West's Motion to Withdraw, ECF No. 40, demonstrate that this Court and Mr. West are secretly colluding to obstruct the fairness of these proceedings:

> Any impartial observer, watching the Honorable Judge fabricate a pretended "duty" for his mute fellow attorney, as colorable justification for the mum attorney's refusal to advise his client of the merits of a proposed plausible defense, could VERY reasonably question Mr. Smith's impartiality in this case.

Mot. to Recuse 7 (emphasis in the original).  Defendant construes this Court's explanation of an attorney's obligations to follow the Professional Rules of Responsibility as evidence of this Court's efforts to obstruct potential defenses:

> Mr. West NEVER stated to me that he had a "duty to comply with the rules that govern practice in courts", which Judge Smith fabricated then held to supposedly preclude West from presenting a vigorous defense based on the evidence I have uncovered of the institutionalized IRS record falsification program.

Id. at 6 (emphasis in the original).  Defendant's statements are facially baseless and this Court's statements and rulings in the hearings speak for themselves.  All of the Court's statements were made in an effort to ensure that Defendant understood that Mr. West was attempting to vigorously represent him while also following the Professional Rules of Responsibility, and to comply with the requirements of Faretta.  See Faretta v. California, 422 U.S. 806, 835 (1975) (stating that the court must advise a defendant "of the dangers and disadvantages of self-representation, so that the record will establish that he knows what he is doing and his choice is made with eyes open" (quotations and citation omitted)); see also United States v. Jones, 778 F.3d 375, 388-89 (1st Cir. 2015) (outlining Faretta requirements).  None of the Court's statements amount to judicial bias or partiality.  See Liteky v. United States, 510 U.S. 540, 555-56 (1994) ("[O]pinions formed by the judge on the basis of facts introduced

or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible."). Defendant's Motion to Recuse, ECF No. 51, is DENIED.

IV.   Motion to Withdraw Guilty Plea and Dismiss Case

In this motion, Defendant argues that he should be allowed to withdraw his guilty plea, which was entered over a year and a half ago in April 2019.  See Plea Agreement, ECF No. 24.  A defendant is not automatically entitled to withdraw his guilty plea once entered.  United States v. Caramadre, 957 F. Supp. 2d 160, 165 (D.R.I. 2013) (citing United States v. Gates, 709 F.3d, 68 (1st Cir. 2013)).  Under Rule 11 of the Federal Rules of Criminal Procedure, "the Court may, in its discretion, allow a defendant to withdraw his plea only if a 'fair and just' reason exists."  Id. (citing Fed. R. Crim. P. 11(d)(2)(B)) (additional citations omitted).  The defendant has the burden to establish this fair and just reason.  United States v. Marrero-Rivera, 124 F.3d 342, 347 (1st Cir. 1997).

While "[t]here is no exclusive list of reasons that might allow withdrawal of a plea . . . a primary concern is whether the original guilty plea was knowing, intelligent and voluntary[.]" United States v. Aker, 181 F.3d 167, 170 (1st Cir. 1999) (citations omitted); see also Caramadre, 957 F. Supp. 3d at 166 (same).  Other

potential factors include "the plausibility and weight of the reason given for the withdrawal, the timing of the request, whether the defendant is now colorably asserting legal innocence, and whether the original plea was pursuant to a plea agreement (and thus, in the usual case, gained something for the defendant)." Aker, 181 F.3d at 170 (citation omitted).

As the basis for this fair and just reason, Defendant states that after entering his guilty plea he "learned the IRS is running the largest falsification program in the history of this Nation, which the DoJ uses the fruit thereof, and conceals." Mot. to Withdraw Guilty Plea 3. According to Defendant, the evidence of this scheme proves he had "no duty to file" his taxes and is innocent. Id. at 7. In support of his claims, Defendant provides various declarations from himself and an individual named Robert A. McNeil, as well as personal tax documents and excerpts from an IRS training manual with periodic notations, ostensibly from Defendant, explaining how various standardized codes and headings demonstrate this scheme. See generally Exs. to Mot. to Withdraw Guilty Plea, ECF Nos. 52-2 to 52-7. At every turn, Defendant's supposed "evidence" is rife with conclusory statements and devoid of any genuine facts. Merely stating that a scheme is afoot and then inventing alternative meanings for the statements in written documents does not make it so. Defendant has not met his burden

of a fair and just reason to withdraw his plea, and his claim of actual innocence is not colorable.

Defendant's Motion to Withdraw a Guilty Plea and Dismiss, ECF No. 52, is DENIED.

V. Motion to Appoint Counsel and Stay Proceedings

In this motion, Defendant seeks appointment of "temporary/provisional" counsel, not to guide him through the sentencing phase of these proceedings or assist him with filing motions, but rather to advise him whether "the documentation provided to [him] by the [IRS, which he believes] prove[s] the existence of an institutionalized IRS record falsification program," could have an impact "on this case and the plea agreement" and "prove[ his] actual innocence." Mot. to Appoint Counsel 2.

Although criminal defendants have a fundamental right to counsel, "the right of an indigent criminal defendant to demand new appointed counsel is not unlimited. '[I]n appropriate circumstances, a trial court may force a defendant to choose between proceeding to trial with an unwanted attorney and representing himself.'" United States v. Francois, 715 F.3d 21, 28 (1st Cir. 2013) (quoting United States v. Proctor, 166 F.3d 396, 402 (1st Cir. 1999)). An attorney is not obligated to file a meritless motion merely because his client demands it. See United States v. Woodard, 291 F.3d 95, 108 (1st Cir. 2002).

Rather, "[i]t is the obligation of any lawyer — whether privately retained or publicly appointed — not to clog the courts with frivolous motions or appeals." Polk County v. Dodson, 454 U.S. 312, 323 (1981).

As stated before, Defendant's claims of an IRS document falsification scheme are baseless, and his claims of collusion between Mr. West, the Government, and this Court are inflammatory and nonsensical. Defendant does not have a right to demand new counsel simply because he is frustrated that his previous counsel did not file meritless motions. Defendant chose to proceed without Mr. West's assistance, which led to Mr. West's withdrawal from the case. See Minute Entry of Proceedings from December 17, 2020. Although the Court has appointed Mr. West as stand-by counsel, Defendant makes this request for a new attorney mere weeks before his sentencing, after informing this Court that he wanted to proceed pro se. Defendant seeks to delay these proceedings by seeking new counsel to pursue a baseless conspiracy theory that will provide him no recourse.[2] This Court refuses to allow him to abuse the judicial process in this manner. Defendant's Motion to Appoint Counsel is DENIED.

---

[2] Defendant is apparently well-versed in using motions like these to cause delays in proceedings. In his previous criminal proceeding, he had four attorneys, two CJA-appointed and two privately retained. See United States v. Schofield, No. 1:12-cr-00082-JJM-LDA (D.R.I.).

VI. Conclusion

Defendant's motions are meritless and constitute an obvious attempt to delay and obstruct the judicial process. There will be no changes to the dates for, and no stay of, the scheduled sentencing. The following motions are DENIED: Motion to Notice, ECF No. 49; Motion for Hearing and/or Sanctions, ECF No. 50; Motion to Recuse, ECF No. 51; Motion to Withdraw Guilty Plea, ECF No. 52; and Motion to Appoint Counsel, ECF No. 53.

IT IS SO ORDERED.

/s/ William E. Smith
William E. Smith
District Judge
Date: January 4, 2021