UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>BILLIE R. SCHOFIELD | Case No. 18-cr-0039-WES |

**UNITED STATES' RESPONSE TO DEFENDANT'S
MOTION FOR COMPASSIONATE RELEASE**

The Government files this memorandum in response to defendant Billie Schofield's ("Schofield" or "defendant") motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) based on concerns about the impact of COVID-19. Schofield's primary argument is that various medical conditions, coupled with his age and the possibility of being reexposed to the virus, constitute extraordinary and compelling circumstances justifying a reduction in sentence under § 3582(c)(1)(A)(i).

Because Schofield's conviction and sentence are currently on appeal to the First Circuit, this Court lacks jurisdiction to grant his motion. In any case, on this record Schofield has failed to establish that any of his health conditions pose the sort of extraordinary and compelling circumstance justifying early release. Furthermore, sentencing factors weigh heavily against reducing the three-year sentence he has barely begun to serve. The Court should therefore reject his request.

## BACKGROUND

 A. **Facts and Procedural History**

Between 2002 and 2017, Schofield held a minor partnership interest in Northern Pelagic Group and several other related entities. [Presentence Investigation Report ("PSR"), ECF No. 33, at ¶ 10]. In addition to the interests he held in these companies, Schofield provided services to them; he managed a warehouse, hosted websites, and managed export sales. [*Id.*]. He derived income from his relationships with the entities as well as from the manufacture and sale of marijuana. [*Id.*].

Beginning around August of 2008 and continuing into 2018, Schofield engaged in a scheme to evade the payment and assessment of federal income taxes. [PSR ¶¶ 11-26]. As part of the scheme, Schofield filed fraudulent tax returns for some tax years, failed to file tax returns altogether for other tax years, committed multiple overt acts of evasion, and engaged in obstructive acts in an attempt to prevent the Internal Revenue Service ("IRS") from assessing and collecting his taxes. [PSR ¶¶ 12-16]. He filed frivolous documents, and mailed seven fraudulent checks totaling more than $127,000 to the IRS in an attempt to discharge a debt. [PSR ¶¶ 14(ii), 18]. Schofield also manipulated the corporate law of other states and enlisted another person to set up a nominee bank account in an attempt to conceal his income and identity. [PSR ¶¶ 14(iv), 14(v)]. Schofield's fraudulent scheme culminated in February of 2018 when, at his request, he appeared before a federal grand jury and gave false testimony about the legitimacy of the seven checks he had mailed to the IRS. [PSR ¶¶ 20-25].

On March 27, 2018, a grand jury returned an indictment charging Schofield with one count of corruptly endeavoring to obstruct the IRS in violation of 26 U.S.C. § 7212(a), eight counts of tax evasion in violation of 26 U.S.C. § 7201, and one count of making false declarations before a

grand jury in violation of 18 U.S.C. § 1623. [PSR ¶ 1]. On April 10, 2018, the grand jury returned a superseding indictment charging Schofield with the same offenses. [PSR ¶ 3].

On April 22, 2018, pursuant to the terms of his plea agreement, Schofield pleaded guilty to one count of income tax evasion (Count 2 of the superseding indictment), in violation of 26 USC § 7201. [PSR ¶¶ 5, 7]. He also agreed to the veracity of the facts that the superseding indictment had alleged in support of every single count against him. [PSR ¶ 7; *see also* ECF No. 6 at ¶¶ 1-28]. In return, and as the government requested, the Court subsequently dismissed the remaining charges against him. [PSR ¶ 7; Dkt. Entries of 4/22/2019 & 1/8/2021].

On January 8, 2021, this Court sentenced Schofield to thirty-six months of incarceration, three year of supervised release, a $100.00 special assessment, a $5,000.00 fine and $364,200.44 in restitution. [ECF No. 67]. Although he appealed his conviction and sentence to the First Circuit, the Court denied his motion for release pending appeal. [ECF No. 71; Dkt. Entry of 3/18/2021]. Schofield has also appealed the denial of release pending appeal. [ECF No. 83].

After sentencing, Schofield surrendered himself into custody of the U.S. Marshals Service ("USMS") at the Wyatt Detention Facility ("WDF") in Central Falls, Rhode Island. On March 22, 2021, in conjunction with his ultimate assignment to the federal correctional institution at Fort Dix, New Jersey ("FCI Fort Dix"), USMS transferred Schofield to the Tallahatchie County Correctional Facility ("TCCF") in Tutwiler, Mississippi. Schofield is awaiting transfer to FCI Fort Dix.

### B. Motion for Compassionate Release

Schofield is currently 65 years old and is temporarily confined at TCCF. He will ultimately be transferred to the custody of the Bureau of Prisons ("BOP") at FCI Fort Dix. On May 17, 2021, the Court docketed Schofield's pro se motion for compassionate release under 18 U.S.C.

§ 3582(c)(1)(A)(i), which is based on his medical history and fear of complications from contracting COVID-19. [ECF No. 87]. Schofield did not submit any medical records or a proposed release plan in support of his motion.

In his motion, Schofield contends that he qualifies for a reduction in sentence to time served because "medical, physical, and mental [h]ealth reasons" heighten his risk of severe complications should he contract COVID-19. [ECF No. 87 at 1, 3]. He asserts that "declining physical health, together with the conditions of his confinement," create the extraordinary and compelling circumstances justifying early release. [*Id.* at 3]. Schofield identifies the following medical conditions as falling within the scope of medical conditions placing a person at high risk: "age, obesity, hypertension, sleep apnea and allergies, and pre-diabet[es]." [*Id.* at 2]. He further claims that a host of other medical conditions, including "eczema, Lyme disease, H-pylori gastric infection, undiagnosed IBS/Crohn's Disease, back pains and maladjustment to spinal column and flat feet," diminish his ability to care for himself in a prison environment. [*Id.* at 3]. He also states that he suffers from anxiety, although he does not explain what relationship this condition to his claim of compassionate release. [*Id.*]

For the reasons discussed below, Schofield's request for reduction in sentence should be denied for the following reasons: (1) the Court lacks jurisdiction to grant Schofield's motion; (2) he has not established the requisite extraordinary and compelling circumstances supporting early release; and (3) the balance of sentencing factors does not warrant setting him free.

## ARGUMENT

### A.   Legal Framework

Under 18 U.S.C. § 3582(c)(1), this Court may, in certain circumstances, grant a defendant's motion to reduce his or her term of imprisonment. Where, as here, the statute's exhaustion

requirement is met,[1] a court may reduce the defendant's term of imprisonment "after considering the factors set forth in [18 U.S.C. § 3553(a)]" if the court finds both that (i) "extraordinary and compelling reasons warrant such a reduction" and (ii) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* § 3582(c)(1)(A)(i). As the movant, Schofield bears the burden of establishing that he is eligible for a sentence reduction. *See, e.g., United States v. Miamen*, Nos. 18-cr-130, -137, & -142, 2020 WL 1904490, at *2 (D.R.I. Apr. 17, 2020).

A reduction in sentence will be consistent with U.S.S.G. § 1B1.13, the "applicable policy statement" referenced in § 3582(c)(1)(A)(i), if, after considering the § 3553(a) factors, the Court finds that (i) "extraordinary and compelling reasons warrant the reduction;" (ii) "the defendant is not a danger to the safety of any other person or to the community;" and that (iii) the reduction is otherwise consistent with the policy statement. U.S.S.G. § 1B1.13 (citing 18 U.S.C. § 3142(g)). *See United States v. Bryant*, __ F.3d __, 2021 WL 1827158 (11th Cir. May 7, 2021) (holding that U.S.S.G. § 1B1.13 binds district courts deciding inmate-filed compassionate release motions).[2]

---

[1] Schofield points out that because he is not yet in BOP custody, he has already done all he can to exhaust his administrative remedies. [ECF No. 87 at 1-2]. The government agrees. *See, e.g., United States v. Arreola-Bretado*, 445 F. Supp. 3d 1154, 1156-57 (S.D. Cal. 2020); *United States v. Barringer*, Crim. No. 13-0129, 2020 WL 2557035, at *2-3 (D. Md. May 19, 2020).

[2] The government acknowledges that other federal circuit courts of appeals disagree with the government's position about the applicability of U.S.S.G. § 1B1.13. *See United States v. Brooker*, 976 F.3d 228 (2d Cir. 2020); *United States v. McCoy*, 981 F.3d 271 (4th Cir. 2020); *United States v. Shkambi*, 993 F.3d 388 (5th Cir. 2021); *United States v. Jones*, 980 F.3d 1098 (6th Cir. 2020); *United States v. Gunn*, 980 F.3d 1178 (7th Cir. 2020) (per curiam); *United States v. Aruda*, 993 F.3d 797 (9th Cir. 2021) (per curiam); *United States v. McGee*, 992 F.3d 1035 (10th Cir. 2021); *United States v. Long*, __ F.3d __, 2021 WL 1972245 (D.C. Cir. May 18, 2021). As some of these courts have observed, however, U.S.S.G. § 1B1.13 provides useful guidance regardless of whether it is binding. *See, e.g., Aruda*, 993 F.3d at 802; *Gunn*, 980 F.3d at 1180; *McCoy*, 981 F.3d at 282 n.7; *United States v. Tomes*, 990 F.3d 500, 503 n.1 (6th Cir. 2021). "[I]n deciding motions for compassionate release, the Court should be wary of using the motion to 'correct' the sentencing court's original judgment or [to] introduce unprincipled variance into the execution of duly-
*Footnote continued . . .*

### B. The Court lacks jurisdiction to grant defendant's motion.

Because Schofield has appealed his sentence [ECF No. 71], this Court lacks the authority to reduce his sentence during the pendency of the appeal.  *See, e.g., United States v. Vigna*, 455 F. Supp. 3d 68, 72 (S.D.N.Y. 2020) ( "[T]this Court is without authority to rule on [the defendant's] Section 3582(c)(1)(A) application because it would affect an aspect of the case that [is] before [the Court of Appeals]."); *United States v. Walls*, 455 F. Supp. 3d 461, 463-64 (E.D. Mich. 2020) ("A pending appeal that involves a defendant's sentence deprives a district court of jurisdiction to rule on the defendant's motion for compassionate release."); *United States v. Crawford*, Case No. CR-16-530, 2020 WL 4791265, at *1 (W.D. Wash. Aug. 18, 2020) (concluding that "this Court lacks jurisdiction" over the defendant's § 3582(c) motion because the defendant "currently has an appeal pending before the Ninth Circuit challenging the sentence"); *United States v. Velazquez,* Case No. CR-12-00877, 2020 WL 5846612, at *2-3 (D. Ariz. Oct 1, 2020).  In such circumstances, the Court's options are to deny Schofield's motion, defer consideration of the motion until the appeal has been decided, or issue an "indicative ruling" under Fed. R. Crim. P. 37.  *See United States v. Maldonado-Rios*, 790 F.3d 62, 64-65 (1st Cir. 2015) (per curiam).  For the reasons set forth in the next section of the government's memorandum, Schofield's motion should be denied.

### C. Defendant has not demonstrated that the circumstances of this case warrant a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A)(i).

The Court should deny defendant's motion for compassionate release because he fails to satisfy all of § 3582(c)(1)(A)(i)'s requirements.

#### 1. *Covid-19, by itself, is not a reason to release defendant*.

The mere existence of the COVID-19 pandemic, which poses a general threat to every non-

---

imposed sentences."  *United States v. Ebbers*, 432 F. Supp. 3d 421, 430 (S.D.N.Y. 2020).

immune person in the country, does not alone provide a basis for a sentence reduction. As the Third Circuit has held, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). Section 3582(c)(1)(A) contemplates sentence reductions for specific individuals, not the widespread prophylactic release of inmates and the modification of lawfully imposed sentences based upon generalized fears attendant to a worldwide viral pandemic.

As the terminology in § 3582(c)(1)(A)(i) makes clear, cases in which "circumstances warrant a finding of 'extraordinary and compelling reasons' should be relatively rare." *United States v. Maumau*, 993 F.3d 821, 838 (10th Cir. 2021) (Tymkovich, C.J., concurring); *see also, e.g., United States v. Davis*, No. 12-cr-712, 2020 WL 3790562, at *3 (S.D.N.Y. July 7, 2020) ("The statute provides an avenue for only the rare case in which—in the words of the statute— 'extraordinary and compelling reasons' truly justify a sentence reduction."); *see also Bryant*, 2021 WL 1827158, at *6-11. The government realizes, however, that an inmate who has not been offered a vaccine, who presents a health risk factor identified by the CDC as increasing the risk of an adverse outcome from COVID-19, and who is not expected to recover from that condition, may present medical circumstances amounting to "an extraordinary and compelling reason" within the meaning of § 3582(c)(1)(A)(i). *See* U.S.S.G. § 1B1.13 cmt. n.1(A)(ii)(I). This is because, due to his condition, the inmate might be less able to protect himself against an unfavorable outcome from the disease should he contract it.

    2.    ***On this record, none of defendant's medical conditions amounts to an extraordinary and compelling reason justifying his release.***

The Centers for Disease Control and Prevention ("CDC") maintains a list of medical conditions that scientific evidence suggests make a person more likely to become severely ill from

7

COVID-19.[3]  In his motion for early release, Schofield claims that he has the following conditions which satisfy CDC criteria as risk factors for severe COVID-19 illness: age, obesity, hypertension, sleep apnea and allergies, and pre-diabetes. [ECF No. 87 at 2]. His medical records from WDF and TCCF tell a different story.[4]

(a) WDF

According to WDF records, when Schofield surrendered himself to USMS custody on January 8, 2021, he denied having any current medical problems, and also denied having a history of diabetes, hypertension, or heart conditions. [Exhibit 1 at 5, 19]. Although he acknowledged having a history of smoking, he provided no details. [Exhibit 1 at 2]. He reported having

---

[3]  The CDC's list of risk factors was revised on March 29, 2021. *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited May 20, 2021). Before that date, the CDC presented two separate lists of conditions that either definitively entailed a greater risk of severe illness or "might" entail a greater risk of severe illness. At that time, the government maintained—and most courts agreed—that inmates with conditions on the "might" list did not present an extraordinary basis for relief. *See, e.g.*, *United States v. Elias*, 984 F.3d 516, 521 (6th Cir. 2021) ("[T]he district court properly considered the CDC guidance that was in effect at the time, which did not include hypertension. Relying on official guidelines from the CDC is a common practice in assessing compassionate-release motions.").

In the March 29th revision, the CDC merged the two lists. It also created a separate page on its website containing information for healthcare providers and discussing the evidentiary basis for designating each risk factor. *See* https://www.cdc.gov/coronavirus/2019-ncov/hcp/clinical-care/underlyingconditions.html (last visited May 20, 2021). The government relies on the CDC's expanded list to define what constitutes an "extraordinary and compelling" basis for considering compassionate release of an inmate who has not been offered a vaccine.

[4]  The government has submitted defendant's medical records from WDF and TCCF to the Court under seal as Exhibit 1 and Exhibit 2, respectively. The government has consecutively paginated each set of records and will cite them herein by exhibit and page number.

As previously noted, Schofield lists a number of additional medical conditions that he believes diminish his ability to provide self-care in an institutional setting. *See supra* p. 4. Ranging from "undiagnosed" Crohn's Disease to flat feet, none of these is listed as a CDC risk factor. Most of them are not documented in Schofield's medical records. For the most part, the government will not address them further.

contracted COVID-19 approximately three weeks before his surrender date but informed WDF medical staff that the infection had been asymptomatic. [Exhibit 1 at 43].

While detained at WDF, Schofield's weight fluctuated between 207 and 209 pounds, which, based on a reported height of 5 feet, 11 inches, resulted in a BMI of approximately 29.[5] [Exhibit 1 at 2, 6]; *see* https://www.nhlbi.nih.gov/health/educational/lose_wt/BMI/bmicalc.htm. The two blood pressure readings in the WDF file—131/83 and 143/80, both recorded on January 8, 2021 [Exhibit 1 at 2, 6]—are high enough to constitute hypertension. *See Facts About Hypertension*, https://www.cdc.gov/bloodpressure/facts.htm (last visited May 20, 2021). Blood tests performed at the end of January 2021 reflect hyperlipidemia and also indicate that Schofield is at risk of becoming a diabetic. [Exhibit 1 at 31].

(b) TCCF

Schofield arrived at TCCF near the end of March 2021. [Exhibit 2 at 28]. During medical intake, and despite the contrary history he provided WDF, he denied a history of tobacco use. [Exhibit 2 at 28]. As at WDF, Schofield again denied having any special health care needs or current medical complaints, including high blood pressure. [Exhibit 2 at 28]. He repeated these denials on April 8, 2021. [Exhibit 2 at 20].

While at TCCF, Schofield's blood pressure dropped into a safer range: it was 123/67 on March 23rd, 121/81 on April 5th and 8th, 117/80 on April 9th, and 122/74 on April 29th. [Exhibit 2 at 5, 20, 28, 44]. Instead of hypertension per se, these readings indicate his blood pressure is "elevated." *See* https://www.cdc.gov/bloodpressure/facts.htm. Schofield's BMI decreased a bit also: while it was 29 at intake on March 23rd, by mid-April it had dropped to about 28. [Exhibit

---

[5]   Schofield's weight when booked was listed as 195 pounds and his height was recorded as 5 feet, 9 inches. [Exhibit 1 at 8, 17]. The BMI based on those measurements falls just below 29.

2 at 4, 5, 28]; https://www.nhlbi.nih.gov/health/educational/lose_wt/BMI/bmicalc.htm. Schofield's somewhat high cholesterol levels have persisted. [Exhibit 2 at 7].

It was not until April 29th, the same day he requested copies of his medical records (presumably for purposes of the instant motion), that Schofield stated on a medical form that he had a history of high blood pressure.[6] [Exhibit 2, at 33, 34].

(c) Discussion

Generously construed, the medical records establish that while Schofield's blood pressure is elevated, he does not suffer from chronic hypertension.[7] https://www.cdc.gov/bloodpressure/facts.htm. Although Schofield has high cholesterol, which puts him at risk of heart disease, he has not been *diagnosed* with heart disease. *See About Heart Disease*, https://www.cdc.gov/heartdisease/about.htm (last visited May 20, 2021). Likewise, while he is at risk of becoming diabetic, he has not been diagnosed with diabetes. Thus far, his blood pressure, cholesterol level, and blood sugar level have not merited prescription medication.

---

[6]     On the same form Schofield for the first time listed "sleep apnea" as a medical condition of concern. [Exhibit 2 at 33]. Other than this statement, there is no indication anywhere in the available medical records that he has, or has ever had, sleep apnea.

[7]     Even if Schofield does have chronic hypertension, it is a common medical problem, one affecting the health of nearly half of all adult Americans. *United States v. Cajeli*, No. 13-CR-38, 2021 WL 1616894, at *4 (E.D. Tex. Apr. 23, 2021). The CDC indicates that it can "possibly" rather than "likely" result in severe illness should a person who has it contract COVID-19. https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html. Courts frequently refuse requests early release in such circumstances. *See, e.g.*, *Cajeli*, 2021 WL 1616894, at *4 ("Due to its prevalence, hypertension cannot be deemed 'extraordinary' in order to merit compassionate release.") (collecting cases); *United States v. Thompson*, 984 F.3d 431, 434 (5th Cir. 2021) ("commonplace" conditions of hypertension and hyperlipidemia are not extraordinary), *petition for cert. docketed* (U.S. Apr. 22, 2021) (No. 20-7832); *United States v. Harris*, 989 F.3d 908, 912 (11th Cir. 2021) (affirming district court's conclusion that defendant's hypertension was not extraordinary and compelling); *Elias*, 984 F.3d at 521 (same); *United States v. Robinson*, Crim. No. 04-128, 2021 WL 1318027, at *8 (D.D.C. Apr. 8, 2021), *appeal filed* (D.C. Cir. Apr. 30, 2021) (No. 21-3026); *United States v. French*, Case No. 10-cr-00117, 2021 WL 1316706, at *5-6 (M.D. Tenn. Apr. 8, 2021).

And while his age places him in a higher risk category, he obviously shares that characteristic with millions of other Americans—it is not at all "extraordinary" to be 65 years old.  *See* Admin. for Cmty. Living, *2017 Profile of Older Americans*, 2 (Apr. 2018), https://acl.gov/sites/default/files/Aging%20and%20Disability%20in%20America/2017OlderAmericansProfile.pdf (last visited May 20, 2021).

With a BMI of between 25 and 30, Schofield is overweight, but not obese. *See Overweight and Obesity*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited May 20, 2021).  Although Schofield's weight qualifies as an extraordinary and compelling circumstance under current CDC guidelines, courts regularly conclude that a defendant's excessive weight does not justify early release because obesity is an extremely common medical condition nationwide.  *See, e.g., United States v. Contreras*, No. 18-CR-46, 2021 WL 1536504, at *5 (E.D. Tex. Apr. 19, 2021) (collecting cases); *United States v. Lucero*, Case No. 16-cr-3040, 2021 WL 1297828, at *2 (S.D. Cal. Apr. 7, 2021) (BMI of 29 does not warrant release); *United States v. Grasha*, 489 F. Supp. 3d 403, 408-09 (W.D. Pa. 2020) (denying release to inmate with BMI of 48 and sleep apnea).  Here, given that Schofield is only moderately overweight and will be given the opportunity to receive a COVID-19 vaccine after he arrives at FCI Fort Dix,[8] his weight does not justify release.  *See, e.g.*, *United States v. Kaneshiro*, Crim. No. 16-00516, 2021 WL 1138058, at *3 (D. Haw. Mar. 24, 2021) ("The possible availability of the vaccine in the near future is therefore not something that [t]his court can ignore in ruling on

---

[8] Schofield's medical records from WDF and TCCF do not indicate whether he has already been offered a COVID-19 vaccine.  BOP has thus far fully vaccinated 1,481 out of 2,848 inmates at FCI Fort Dix.  *See* https://www.bop.gov/coronavirus/ (last visited May 20, 2021); https://www.bop.gov/locations/institutions/ftd/ (last visited May 20, 2021).  That figure—about 52 percent of the total inmate population—does not include inmates who have refused the vaccine.

11

[defendant's] compassionate release request.").

### 3. *Statutory sentencing factors do not support early release.*

Even assuming Schofield has presented an extraordinary and compelling reason supporting early release, that alone is insufficient to warrant granting his motion. Any compassionate release decision must also consider the factors under 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3582(c)(1)(A)(i); *see, also, e.g., United States v. Chambliss*, 948 F.3d 691, 693-94 (5th Cir. 2020); *United States v. Rodd*, 966 F.3d 740, 747-48 (8th Cir. 2020).

The Court evaluated the § 3553(a) factors a few months ago when it originally imposed Schofield's sentence. Nothing about Schofield's situation since that time suggests that the balance of § 3553(a) factors needs to be altered in any way.[9] To release Schofield now would fail to reflect the seriousness of the offense, promote respect for the law, afford adequate deterrence, or protect the public. *See, e.g., United States v. Pawlowski*, 967 F.3d 327, 330-31 (3d Cir. 2020) (several of the § 3553(a) factors, including need to reflect the seriousness of the crime, promote respect for the law, and afford adequate deterrence, counseled against granting defendant a substantial sentencing reduction under § 3582(c)(1)(A)(i)); *United States v. Ruffin*, 978 F.3d 1000, 1008 (6th Cir. 2020) (affirming district court's conclusion that balance of § 3553(a) factors weighed against release; defendant had served less than half of his below-guidelines sentence, and the need to protect the public from future crimes, provide just punishment, and to reflect the seriousness of the offense took precedence over his rehabilitative efforts, the state of his health, and concerns about the pandemic).

---

[9] The government's sentencing memorandum provides a detailed discussion of the § 3553(a) factors in the context of Schofield's case. [ECF No. 38 at 10-15].

## **CONCLUSION**

Because of the pendency of defendant's appeal, the Court lacks authority to grant his motion for compassionate release. In any event, nothing in the record justifies granting him a reduction in sentence or otherwise altering the Court's original sentencing calculus. For the foregoing reasons, defendant's motion for compassionate release should be denied.

    Respectfully submitted,

    UNITED STATES OF AMERICA
    By its Attorneys,

    RICHARD B. MYRUS
    Acting United States Attorney

    /s/ Christopher P. O'Donnell
    CHRISTOPHER P. O'DONNELL
    Trial Attorney
    United States Department of Justice
    Tax Division
    150 M Street, N.E.
    Washington, DC  20002
    christopher.p.o'donnell@usdoj.gov
    Tel: 202-514-5150


    /s/ Lauren S. Zurier
    LAUREN S. ZURIER
    Assistant U.S. Attorney
    50 Kennedy Plaza, 8th Floor
    Providence, RI 02903
    lauren.zurier@usdoj.gov
    Tel: 401-709-5030
    Fax: 401-709-5001

## CERTIFICATE OF SERVICE

      I certify that on the 21st day of May, 2021, I caused the foregoing document to be filed electronically, and it is available for viewing and downloading from the ECF system.  I also served a copy of the document on the defendant by causing it to be sent via U.S.P.S, first-class postage prepaid, to:

Billie Schofield (BOP #08781-070)
USMS Detainee
c/o Tallahatchie County Correctional Facility
19351 US Hwy 49 N
Tutwiler, MS 38963

                                       /s/ Lauren S. Zurier
                                       LAUREN S. ZURIER
                                       Assistant United States Attorney